UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV15-03036 JAK (SSx) | | Date | May 8, 2015 |
|---|---|---|---|---|
| Title | Eagle Vista Equities, LLC v. Ricardo Vielma, et al. | | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER SUMMARILY REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND ORDERING DEFENDANTS TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED (JS-6)**

### I.      Introduction

On December 23, 2014, Eagle Vista Equities, LLC ("Plaintiff") brought an unlawful detainer action ("Complaint"), number 14U16562, against Ricardo and Sandra Vielma ("Defendants") in the Los Angeles Superior Court. Defendants, who are self-represented, removed that action on February 27, 2015. *Eagle Vista Equities, LLC v. Ricardo Vielma, et al.*, LA CV15-01452 JAK (SSx) (C.D. Cal. 2015). The purported bases for removal included that the unlawful detainer action was related to another action brought by Defendants, LA CV14-9807-JAK (SSx), and that the true debtors were foreign *situs* trusts with the same names as Defendants. *Id.* Dkts. 1, 14. After concluding that there was no subject matter jurisdiction, an order issued on April 8, 2015, remanding the action to the Superior Court. *Id.* Dkt. 16. That Order is incorporated by this reference. Plaintiff presents as an Exhibit a "Clerk's Notice of Entry of Judgment," which indicates that, following remand, judgment was entered in Plaintiff's favor on April 15, 2015. Dkt. 9-2.

On April 23, 2015, Defendants again removed the same unlawful detainer action 14U16562. Dkt. 1. They again claim there is a distinction between them and the entities purportedly named in the Complaint, which have the same names as Defendants. Defendants' argument is based on the manner in which the Government Printing Office Style Manual and Social Security Act, 42 U.S.C. § 1301(a)(2), allegedly identify parties and determine their domiciles. *Id.* at 3-4. Defendants also urge the Court to reconsider its prior determination that the amount in controversy does not exceed $75,000, notwithstanding that the Complaint states the "demand does not exceed $10,000." *Id.* Finally, Defendants assert that there is jurisdiction under 28 U.S.C. § 1443, the civil rights removal statute, because California unlawful detainer proceedings are allegedly conducted in a manner that deprive Defendants of their substantive and procedural due process rights. *Id.* at 12, 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-03036 JAK (SSx) | Date | May 8, 2015 |
|---|---|---|---|
| Title | Eagle Vista Equities, LLC v. Ricardo Vielma, et al. | | |

Once again, Defendants fail to identify a basis for subject matter jurisdiction. For these reasons, this action is summarily **REMANDED** to the Los Angeles Superior Court at its Stanley Mosk Courthouse. In addition, on or before May 18, 2015, Defendants shall file a declaration under penalty of perjury explaining why sanctions in the amount of $250 should not be imposed for the successive removal of this action, which appears to have been based on frivolous arguments and inconsistent with the prior order of remand.

**II.      Analysis**

       A.      Legal Standard

As stated in the April 8, 2015 Order, a determination of subject matter jurisdiction must be made before the merits of a case can be addressed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). In addition, under the "well-pleaded complaint rule," "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

       B.      Application

              1.      <u>Removal Was Improper</u>

Defendants did not previously, and do not now, show that diversity jurisdiction is proper under 28 U.S.C. § 1332. They have not shown that the parties are of diverse citizenship. The burden of proving diversity of citizenship rests on the removing party. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Defendants once again have failed to meet this burden. Defendants' theory is frivolous and without support. Thus, it is baseless to argue that the capitalization of the names "RICARDO VIELMA" and "SANDRA VIELMA" in the caption results in a Complaint that identified entities domiciled in the District of Columbia rather than "Ricardo Vielma and Sandra Vielma, the living man and living woman, who are only authorized signatories and beneficiaries." Dkt. 1 at 3-4. Also without support is the theory that, because Plaintiff allegedly is not a United States citizen under the Social Security Act, diversity is present under 28 U.S.C. § 1332. *Id.* at 4. Equally insubstantial is Defendants' argument that the amount in controversy exceeds $75,000 and that this should be reviewed as a motion for reconsideration of the April 8, 2015 Order. There is no basis for such a motion. *See* Local Rule 7-18 (permissible grounds are (i) a material difference in fact or law; (ii) the emergence of new material facts or a change in law; and (iii) manifest failure to consider material facts). Thus, the Court adheres to the ruling that the Complaint's demand of an amount "not [to] exceed $10,000" should not be disregarded, and limits the amount in controversy to less than the jurisdictional threshold. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013); *RJ Moon Inc. v. Ashraf*, 2013 WL 4451077, at *2 (C.D. Cal. Aug. 16, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-03036 JAK (SSx) | Date | May 8, 2015 |
|---|---|---|---|
| Title | Eagle Vista Equities, LLC v. Ricardo Vielma, et al. | | |

Defendants also fail to show removal jurisdiction under 28 U.S.C. § 1443. That statute provides that civil actions in a state court may be removed where they are:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or]
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Removal under § 1443(1) is proper only where defendants can "assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (internal citation and quotation marks omitted). The allegations of Defendants that the unlawful detainer procedures are inadequate, even if true, would not render this action removable under this provision. Nor does § 1443(2) provide a basis for removal. That statute authorizes removal only by federal or state officials or agents; Defendants are neither. *See Gross Mortgage Corp. v. Al-Mansur*, 2012 WL 5270052, at *3 (N.D. Cal. Oct. 24, 2012) (citing *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 & n.22) (1966)). Defendants have also failed to advance a plausible basis for federal question jurisdiction under 28 U.S.C. § 1331.

    2.    <u>Sanctions May Be Warranted</u>

Although there is no categorical bar on the second or subsequent removal of an action, sanctions may be imposed where removal is frivolous. *See Peabody v. Maud Van Cortland Hill Schroll Trust*, 892 F.2d 772, 776 (9th Cir. 1989); *Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.*, 801 F.2d 1581, 1583 (9th Cir. 1986). Sanctions also may be imposed under Fed. R. Civ. P. 11 where a filing is "frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). In addition, the Court retains jurisdiction following remand to impose sanctions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (sanction determination "may be made after the principal suit has been terminated"); *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1303 (9th Cir. 1990) ("[E]ven if a court does not have jurisdiction over an underlying action, it may have jurisdiction to determine whether the parties have abused the judicial system and whether sanctions are appropriate to remedy such abuse.").

The Court finds that sanctions may be warranted here. It is mindful that Defendants are self-represented and that this may affect the determination as to whether sanctions should be imposed. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). However, a court "cannot decline to impose any sanction where a violation has arguably occurred simply because the plaintiff is proceeding *pro se*." *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996). The grounds for removal advanced by Defendants are frivolous, legally unreasonable and without factual foundation. Further, they have been advanced in two separate processes, which has imposed undue administrative burdens on the Court and the Superior Court. Each has had to process this matter twice. It has also impeded the purpose of the unlawful detainer process, which is to permit a prompt and efficient means of determining such claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-03036 JAK (SSx) | Date | May 8, 2015 |
|---|---|---|---|
| Title | Eagle Vista Equities, LLC v. Ricardo Vielma, et al. | | |


**III.     Conclusion**

For the reasons stated in this Order, this action is summarily **REMANDED** to the Los Angeles Superior Court at its Stanley Mosk Courthouse. Jurisdiction to impose sanctions, if necessary, is retained. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). As stated above, on or before May 18, 2015, Defendants shall file a declaration under penalty of perjury explaining why sanctions in the amount of $250 should not be imposed for this successive removal of this action. Upon receiving any response from Defendants, the Court will determine whether or not sanctions should be imposed, and if so, their amount and the terms of their payment.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak